Filed 2/24/16  P. v. Smith CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE, | D068253 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD259250) |
| JOHN BENNETT SMITH, JR., | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of San Diego County, Kathleen M. Lewis, Judge.  Affirmed.

Elizabeth Garfinkle, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Respondent.

John Bennett Smith, Jr., was charged in a felony complaint with first degree burglary of an inhabited dwelling house (Pen. Code,[1] §§ 459, 460).  The complaint also

---

1    All statutory references are to the Penal Code unless otherwise specified.  When referring to statutory subparts of that code, the word "subdivision" is omitted.

alleged Smith had suffered three prison priors within the meaning of sections 667.5(b) and 668, two serious felony priors within the meaning of sections 667(a)(1), 668, and 1192.7(c), and that pursuant to sections 667(b) through (i), 1170.12 and 668, Smith had suffered three strike priors.

Smith thereafter pleaded guilty to second degree burglary (§ 459) and one strike prior, a conviction in 2009 for making criminal threats (§ 422).  In exchange for the plea, the balance of the charges were dismissed, and the court sentenced Smith to a stipulated six-year term in state prison.

The abstract of judgment filed on January 13, 2015, misstated the offense as first degree burglary.  Upon being advised of the error, the court corrected the abstract on March 11, 2015, to correctly state the conviction as second degree burglary.

The clerk's transcript contains handwritten letters from Smith to the court.  The first letter, filed March 17, 2015, concerns Smith's request that his sentence be reduced to four years based on the error in the abstract of judgment.  On March 18, 2015, the court construed Smith's request to modify his sentence as a request to recall the sentence under section 1170(d) and denied Smith's request, finding it to be "without merit."[2]

---

[2]    Section 1170(d)(1) provides:  "When a defendant subject to this section or subdivision (b) of Section 1168 has been sentenced to be imprisoned in the state prison or county jail pursuant to subdivision (h) and has been committed to the custody of the secretary or the county correctional administrator, the court may, within 120 days of the date of commitment on its own motion, or at any time upon the recommendation of the secretary or the Board of Parole Hearings in the case of state prison inmates, or the county correctional administrator in the case of county jail inmates, recall the sentence and commitment previously ordered and resentence the defendant in the same manner as if he or she had not previously been sentenced, provided the new sentence, if any, is no

In another letter, filed March 20, 2015, Smith asserted that his sentence should be reduced to two years, based on his belief that only a one-year sentence may be imposed for second degree burglary, doubled to two years by the one strike prior. In this letter, Smith also asserted that his six-year sentence under the plea agreement "is illegal" and stated he was "disputing the deal." Smith's March 20, 2015 letter also asserted that his conviction should be designated as a misdemeanor under Proposition 47.

On April 13, 2015, the court entered an order denying Smith's request for resentencing under Proposition 47, determining that no counts were eligible under section 1170.18.

Appellate counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v. California* (1967) 386 U.S. 738 (*Anders*) indicating she is unable to find any arguable issues for reversal on appeal. Counsel requests this court to review the record for error as required by *Wende*. We granted Smith the opportunity to file a supplemental brief and he has not responded.

FACTUAL BACKGROUND

Smith entered into the plea agreement before any trial or preliminary hearing. Therefore, the only description of facts underlying the conviction comes from the probation report, issued after the plea was entered. According to that probation report, Smith was living in an apartment building in San Diego. Surveillance cameras recorded Smith entering another person's room and exiting with a laptop computer. When

greater than the initial sentence. The court resentencing under this subdivision shall apply the sentencing rules of the Judicial Council so as to eliminate disparity of sentences and to promote uniformity of sentencing. Credit shall be given for time served."

3

questioned by the police, Smith showed them the computer, and it was returned to its owner.

## DISCUSSION

As required by *Anders, supra*, 386 U.S. 738, counsel has set forth two possible, but not arguable, issues:

> 1. Is Smith's six-year sentence for second degree burglary lawful? Counsel cites sections 422, 461(b), 1170(h) and 1192.7(c)(38).
>
> 2. Is Smith's conviction eligible for redesignation to a misdemeanor under section 1170.18? Counsel cites sections 459, 459.5, and 1170.18.

We have reviewed the entire record as mandated by *Wende*, *supra*, 25 Cal.3d 436, and *Anders, supra*, 386 U.S. 738, and have not discovered any reasonably arguable issues for reversal on appeal. The three-year term imposed for Smith's second degree burglary conviction is authorized by sections 461(b) and 1170(h)(1)[3] and that term was properly doubled in this case to six years as a result of Smith's strike prior, which he admitted as part of his plea bargain. (§§ 667(d)(1), (e)(1), 1192.7(c)(38).)[4] Smith's conviction

---

[3]    Section 461(b) provides that burglary in the second degree is punishable "by imprisonment in the county jail not exceeding one year or imprisonment pursuant to subdivision (h) of Section 1170."
    Section 1170(h)(1) provides in part:  "[A] felony punishable pursuant to this subdivision where the term is not specified in the underlying offense shall be punishable by a term of imprisonment in a county jail for 16 months, or two or three years."

[4]    Section 667(d)(1) provides in part that "a prior conviction of a serious . . . felony shall be defined as:  [¶] 'Any offense . . . defined in subdivision (c) of section 1192.7 as a serious felony in this state.'"
    Section 667(e)(1) provides:  "For purposes of subdivisions (b) to (i), inclusive, and in addition to any other enhancement or punishment provisions which may apply, the

involved burglary of a residential dwelling, not shoplifting from a "commercial establishment," and was therefore ineligible for resentencing under sections 1170.18 and 459.5.[5] As noted, the abstract of judgment was corrected to reflect second degree burglary. Competent counsel has represented Smith on this appeal.

---

following shall apply where a defendant has one or more prior serious and/or violent felony convictions: [¶] (1) If a defendant has one prior serious and/or violent felony conviction as defined in subdivision (d) that has been pled and proved, the determinate term or minimum term for an indeterminate term shall be twice the term otherwise provided as punishment for the current felony conviction."

Section 1192.7(c)(38) provides: "As used in this section, 'serious felony' means any of the following: [¶] . . . (38) criminal threats, in violation of Section 422."

[5] Section 1170.18 provides in part: "(a) A person currently serving a sentence for a conviction, whether by trial or plea, of a felony or felonies who would have been guilty of a misdemeanor under the act that added this section ('this act') had this act been in effect at the time of the offense may petition for a recall of sentence before the trial court that entered the judgment of conviction in his or her case to request resentencing in accordance with Sections 11350, 11357, or 11377 of the Health and Safety Code, or Section 459.5, 473, 476a, 490.2, 496, or 666 of the Penal Code, as those sections have been amended or added by this act."

Section 459.5 provides: "(a) Notwithstanding Section 459, shoplifting is defined as entering a commercial establishment with intent to commit larceny while that establishment is open during regular business hours, where the value of the property that is taken or intended to be taken does not exceed nine hundred fifty dollars ($950). Any other entry into a commercial establishment with intent to commit larceny is burglary. Shoplifting shall be punished as a misdemeanor, except that a person with one or more prior convictions for an offense specified in clause (iv) of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667 or for an offense requiring registration pursuant to subdivision (c) of Section 290 may be punished pursuant to subdivision (h) of Section 1170. [¶] (b) Any act of shoplifting as defined in subdivision (a) shall be charged as shoplifting. No person who is charged with shoplifting may also be charged with burglary or theft of the same property."

5

DISPOSITION

The judgment is affirmed.

NARES, J.

WE CONCUR:

BENKE, Acting P. J.

IRION, J.